WINANS, Respondent, v. SIERRA LUMBER COMPANY, Appellant.*

No. 8900; November 26, 1883.

**Damages—Unintelligible Instruction.**—In the trial of an action founded on the alleged breach of a contract, an instruction that sets forth the measure of damages in unintelligible language is error.

APPEAL from Superior Court, Tehama County.

Chadbourne and Ellison for respondent; Chipman & Garter for appellant.

ROSS, J.—The plaintiff sued the defendant for breach of a contract alleged to have been made between them in March, 1881, in respect to the manufacture of lumber. The complaint charges that at the time stated the defendant was the owner of two steam sawmills, known as the Champion and Yellow Jacket mills, and of a large quantity of timber lands in the vicinity of the mills—all in Tehama county—together with a lumber yard and planing-mill, and also a water flume, extending from the Champion Mill to the lumber yard and planing-mill, and was also the owner of a large amount of other property, used in and about the manufacture of lumber. That on or about the 15th of March, 1881, defendant agreed to furnish to plaintiff, to be used by him during the lumbering season of 1881, in manufacturing lumber from the defendant's lands, the aforesaid mills and flume, sixty head of oxen, six horses, all the trucks, chains, etc., pertaining to the mills, all the running gear for necessary tram-cars, sufficient strap iron and nails to build a strap iron tramway from the

----

*For subsequent opinion in bank, see 66 Cal. 61, 4 Pac. 952.

Champion to the Yellow Jacket Mill, and all other property either necessary or convenient for the purpose of manufacturing lumber. The defendant also agreed to furnish to plaintiff, delivered at the town of Red Bluff, a locomotive engine of a certain stated capacity, suitable and proper to be run and operated upon the strap iron tramway to be built by the plaintiff under the contract—plaintiff agreeing to build a strap iron tramway from the Champion to the Yellow Jacket Mill at his own cost; to operate and use the tramway, mills, flume and milling property during the lumbering season of the year 1881, for the purpose of manufacturing lumber, which plaintiff agreed to do, and to deliver to the defendant— defendant agreeing to pay plaintiff for all lumber manufactured at the said mills during the season of 1881 and delivered at the said yard, nine dollars per thousand feet, and for all lumber so manufactured and remaining at the mills on the 1st of December, 1881, eight dollars per thousand feet, and that at the expiration of the season the plaintiff to deliver the possession of all the property, including the tramway, to the defendant. The complaint then charges full performance of the contract on the part of the plaintiff; that the defendant failed and neglected to furnish the locomotive engine it agreed to furnish; that the engine it did furnish the plaintiff was so made and constructed as that it could not be successfully used on the tramway the plaintiff agreed to, and did, construct; that plaintiff objected to the engine furnished at first and during all the time of its use, and that although often notified that the engine furnished was unsuitable for the tramway and would not work thereon, defendant neglected and refused to furnish one that was suitable, as it agreed to do. That during the entire lumbering season of 1881, the plaintiff made every reasonable effort to successfully use the engine furnished, but by reason of its defective construction and consequent failure to work properly, the plaintiff was prevented from manufacturing at least three and one-half million feet of lumber that he would have manufactured had defendant furnished plaintiff with an engine in accordance with the contract, and that by reason of defendant's failure in that regard the plaintiff was damaged in the sum of thirty-one thousand five hundred dollars.

The answer admitted the making of a contract between plaintiff and defendant at the time and with respect to the matter stated, but put in issue some of the terms of the contract; averred that the contract was for seven million feet of lumber, and no more; averred full performance on its part of the contract as made; that a part of the tramway the plaintiff agreed to build he did not complete at all and that the other portion of it was constructed with such short and irregular curves and uneven and excessive grades, and in so unworkmanlike, insufficient and defective a manner, that it could not be successfully worked by him, and was of little value when turned over to defendant at the end of the season; and, in short, that plaintiff's failure to manufacture and deliver all the lumber he agreed to was due to his own fault and not to defendant, by which defendant was damaged in the sum of eighteen thousand dollars, for which it asked judgment by means of a cross-complaint filed in the action.

After trial there was a verdict and judgment for the plaintiff for $10,241, and costs. The appeal is by the defendant. Both sides agree that the engine furnished by the defendant would not work successfully on the tramway built by the plaintiff, but, why, was the question; defendant contending that it was because of the worthlessness of the tramway, and the plaintiff, that it was because the engine was not adapted to a tramway of that kind, and was not the kind of an engine defendant had agreed to furnish.

The court below instructed the jury:

"If the jury believe from the evidence that the engine furnished by defendant to plaintiff was not of the make and description it had contracted to furnish him, and that the plaintiff duly notified the defendant of the defects in said engine, and of its unfitness for the purposes of said contract, and afterward, without any default on his part, made every reasonable effort in good faith to accomplish the purposes of said contract, and to prevent loss or injury, but ultimately, by reason of defendant's failure to furnish an engine of the kind and make agreed to be furnished, suffered damage, and was prevented from manufacturing lumber, which he otherwise would have manufactured, then the plaintiff is entitled to recover as damages the contract price for the lumber which he was so prevented from manufacturing, less the ex-

pense he would have incurred in manufacturing said lumber, over and above the amount necessarily expended under the circumstances, in manufacturing the amount actually manufactured by him.''

We are unable to comprehend the rule of damages laid down by the court, and it is quite certain the jury could not have understood it. The instruction is clear enough down to the clause ''over and above the amount necessarily expended under the circumstances in manufacturing the amount actually manufactured by him''; but the insertion of this clause rendered the instruction unintelligible.

Judgment and order reversed and cause remanded for a new trial.

We concur: McKinstry, J.; McKee, J.